IN THE COURT OF COMMON PLEAS
DELAWARE COUNTY, OHIO
GENERAL DIVISION

| | |
|---|---|
| Tonya Heyman<br>c/o Hrabcak & Company, L.P.A.<br>67 East Wilson Bridge Road<br>Suite 100<br>Worthington, OH 43065,<br><br>    Plaintiff(s),<br><br>v.<br><br>JPMorgan Chase Bank, N.A.<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219,<br><br>    Defendant(s). | Case No.<br><br>Judge<br><br>**JURY DEMAND ENDORSED HEREON** |

Common Pleas Court
Delaware, Co., Ohio
I hereby certify the within be a true
copy of the original on file in this office
Natalie Fravel, Clerk of Courts
By_____ Deputy

**COMPLAINT**

The following allegations are based upon Plaintiff Tonya Heyman's personal knowledge, the investigation of counsel, and information and belief. Plaintiff, through counsel, alleges as follows:

I. **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to R.C. 2305.01 and 15 U.S.C. 1640(e).

2. Many of Defendant's acts described herein arose and occurred in Delaware County, Ohio.

3. Defendant regularly conducts business in Delaware County, Ohio.

4. Defendant conducted activities that give rise to the following claims for relief in Delaware County, Ohio.

5. Venue is proper in Delaware County, Ohio, pursuant to Civ.R. 3(B).

II. **PARTIES**

6. Plaintiff Tonya Heyman is an individual currently residing in Cuyahoga County, Ohio.

CLERK OF COURTS - DELAWARE COUNTY, OH - COMMON PLEAS COURT
21 CV H 01 0019 - GORMLEY, DAVID M
FILED: 01/13/2021 01:58 PM

7. At all relevant times, Plaintiff Heyman was and is a consumer within the meaning of TILA, 15 U.S.C. 1602(i).

8. Defendant JPMorgan Chase Bank, N.A. ("Chase") is a nationally chartered bank with its headquarters in the State of Ohio.

9. Defendant Chase regularly extends consumer credit which is payable by agreement in four or more installments, or for which the payment of a finance charge is or may be required, and thus is a creditor within the meaning of TILA, 15 U.S.C. 1602(g).

### III. FACTUAL ALLEGATIONS

10. Plaintiff Heyman has a credit card account with Defendant Chase ending in 4930 ("her/the Account").

11. On or about January 9, 2020, Plaintiff Heyman made a purchase from Oro Gold Exclusive ("Oro Gold") in New York City, New York using the card associated with the Account, in the amount of $435.48.

12. Oro Gold then offered to demonstrate another item for Plaintiff Heyman.

13. After the demonstration, Oro Gold asked Plaintiff Heyman to sign an electronic tablet to receive the additional item.

14. The tablet screen did not display a price, only a signature line.

15. Plaintiff Heyman signed the electronic tablet.

16. Oro Gold then handed a golden envelope to Plaintiff Heyman as she was exiting the store.

17. Plaintiff Heyman later opened the envelope and learned that Oro Gold had charged the Account an additional $13,445.45.

18. Plaintiff Heyman neither agreed to nor expected such a substantial charge.

19. Plaintiff Heyman immediately contacted Oro Gold to cancel the transaction.

20. Oro Gold would not communicate with Plaintiff Heyman.

21. Plaintiff Heyman contacted Defendant Chase to dispute the charge of $13,445.45 to the Account.

22. Plaintiff Heyman then contacted FedEx, the commercial carrier that was going to deliver the product(s) to Plaintiff Heyman in Ohio.

23. Plaintiff Heyman directed FedEx she would not accept the product(s) and to return them to Oro Gold in New York.

24. On or about January 14, 2020, Defendant Chase sent a letter to Plaintiff Heyman acknowledging it had received her dispute.

25. On or about January 15, 2020, at approximately 2:21 p.m., the product(s) were delivered back to Oro Gold in New York.

26. Plaintiff Heyman never received the product(s) associated with the $13,445.45 charge on the Account.

27. Accordingly, the $13,445.45 charge on the Account constituted an unauthorized charge.

28. Accordingly, the $13,445.45 charge on the Account constituted a billing error.

29. On or about January 25, 2020, Plaintiff Heyman provided Defendant Chase written notice of the billing error that included:

    a. Plaintiff Heyman's name;

    b. The Account number;

    c. Plaintiff Heyman's belief and reasons for her belief that a billing error existed;

    d. The type of error;

    e. The date of the error; and

    f. The amount of the error.

30. On or about March 26, 2020, Defendant Chase informed Plaintiff Heyman it had resolved the billing dispute and considered the charge valid.

31. Plaintiff Heyman made several subsequent attempts to dispute the charge, to no avail.

32. Accordingly, Plaintiff Heyman brings the following claims for relief against Defendant Chase.

**Count One – Violation of the Truth in Lending Act / Fair Credit Billing Act**

33. Plaintiff Heyman incorporates all other paragraphs in this pleading by reference as though fully written here.

34. Defendant Chase failed to conduct a reasonable investigation of the $13,445.45 charge on the Account.

35. Defendant Chase failed to correct the $13,445.45 charge on the Account.

36. Instead, Defendant Chase continues to ask Plaintiff Heyman to pay for the $13,445.45 charge on the Account.

37. Defendant Chase continues to ask Plaintiff Heyman to pay for the $13,445.45 charge on the Account, in excess of $50.

38. As a direct and proximate result of Defendant Chase's conduct, Plaintiff Heyman suffered damages in an amount in excess of $25,000.

### Count Two – Negligence

39. Plaintiff Heyman incorporates all other paragraphs in her pleading by reference as though fully written here.

40. Upon information and belief, Defendant Chase maintains internal policies and procedures regarding handling purported billing errors.

41. Defendant Chase failed to follow those internal policies and procedures when handling Plaintiff Heyman's billing error.

42. Defendant Chase had a duty to use the care that a reasonably careful person would use under the same or similar circumstances.

43. Defendant Chase failed to do so.

44. As a direct and proximate result of Defendant Chase's conduct, Plaintiff Heyman suffered damages in an amount in excess of $25,000.

### Count Three – Declaratory Judgment

45. Plaintiff Heyman incorporates all other paragraphs in this pleading by reference as though fully written here.

46. Chapter 2721 of the Ohio Revised Code provides parties interested under a written contract who wish to have a determination of the parties' rights and legal relations.

47. A real or actual controversy exists between the parties which is justiciable in nature.

48. A real or actual controversy exists regarding the aforementioned which could be terminated

with finality by the issuance of a declaration of the parties' rights by this Court.

49. Speedy relief is necessary in order for the preservation of rights, specifically Plaintiff Heyman's purported liability for the billing error on the Account.

50. Accordingly, Plaintiff Heyman requests a declaration that she is not liable for the billing error, or if she is, that her liability is limited to $50.

### Count Four – Breach of Contract

51. Plaintiff Heyman incorporates all other paragraphs in this pleading by reference as though fully written here.

52. The Account is governed by a cardholder agreement, to which Plaintiff Heyman and Defendant Chase are parties, which constitutes a valid contract.

53. Plaintiff Heyman does not currently possess a copy of the agreement to attach hereto. Civ.R. 10(D).

54. Plaintiff Heyman performed her obligations under the contract, including conditions precedent.

55. Defendant Chase did not act in good faith while performing under the contract.

56. Defendant Chase did not perform its obligations under the contract.

57. As a direct and proximate result of Defendant Chase's conduct, Plaintiff Heyman suffered damages in an amount in excess of $25,000.

### Prayer for Relief

**Wherefore**, Plaintiff Heyman respectfully requests the Court award her:

A. Maximum actual, economic, emotional, non-economic, direct, consequential, and special damages, in excess of $25,000;

B. Twice the amount of any finance charge in connection with the transaction;

C. Statutory damages of at least $500, up to $5,000;

D. Costs of this action;

E. Attorney fees;

F. Pre-judgment and post-judgment interest;

G. A declaration that she is not liable for the subject charge on the Account, or, if she is, that her liability is limited to $50; and

H. Such other relief as the Court deems proper.

                                                        Respectfully Submitted,

                                                        */s/ Gregory A. Wetzel*
Michael Hrabcak (0055716) (Trial Counsel)
Gregory A. Wetzel (0082631)
**HRABCAK & COMPANY, L.P.A.**
67 East Wilson Bridge Road
Suite 100
Worthington, OH 43085
(614) 781-1400      Phone
(614) 781-1171      Fax
mike@hrabcaklaw.com
gwetzel@hrabcaklaw.com
*Attorney(s) for Plaintiff*

**Jury Trial Demanded**

Plaintiff requests a jury trial on all triable issues.

                                                            */s/ Gregory A. Wetzel*
                                                            Gregory A. Wetzel (0082631)